UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BEVON L. TRAIL, :
               Plaintiff, :
 :
v. : **MEMORANDUM OPINION**
 : **AND ORDER**
NEW YORK STATE DEPARTMENT OF :
CORRECTIONS AND COMMUNITY : 17 CV 7273 (VB)
SUPERVISION and TACONIC :
CORRECTIONAL FACILITY, :
               Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Bevon Trail, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, and the New York State Human Rights Law ("NYSHRL") against the New York State Department of Corrections and Community Supervision ("DOCCS") and Taconic Correctional Facility ("Taconic") for alleged harassment on account of his race, color, and national origin, and retaliation for filing a complaint.

Now pending is defendants' partial motion to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. #14).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

Because the Court does not address the merits, it need not recount the facts.

## DISCUSSION

I.    Taconic Correctional Facility

Defendants argue Taconic is not a distinct legal entity capable of being sued.

The Court agrees.

1

Taconic Correctional Facility is merely a building, and is therefore not a suable entity. See, e.g., Davis v. City of N.Y., 1998 WL 29247, at *2 (S.D.N.Y. Jan. 26, 1998).[1]

Plaintiff's argument that Taconic can be sued because it is a public entity is meritless. Taconic may be operated by DOCCS, but that alone does not make Taconic an entity capable of being sued.

Accordingly, plaintiff's claims against Taconic are dismissed.

II.     Sovereign Immunity

Defendants argue DOCCS is immune from suit under Section 1981 and the NYSHRL. The Court agrees.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation omitted). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." Id. (internal quotation omitted).

Plaintiff's Section 1981 claim does not fall within an exception to state sovereign immunity under the Eleventh Amendment. "New York has not waived its immunity and consented to suit in federal court under [Section] 1981 or [Section] 1983, and Congress's enactment of [Section] 1981 and [Section] 1983 did not override the immunity that the states and their agencies enjoy under the Eleventh Amendment." Cajuste v. Lechworth Developmental Disabilities Serv., 2005 WL 22863, at *3 (S.D.N.Y. Jan. 5, 2005) (internal citations omitted).

---

[1] Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Likewise, New York has not waived its sovereign immunity for NYSHRL claims in federal court. Widomski v. State Univ. of N.Y. (SUNY) at Orange, 933 F. Supp. 2d 534, 554 n.16 (S.D.N.Y. 2013), aff'd, 748 F.3d 471 (2d Cir. 2014).

Plaintiff argues, "[i]f the state or local government entities receive federal funding for whatever purpose, they cannot claim Sovereign Immunity." (Opp. at 6).

"When providing funds from the federal purse, Congress may require as a condition of accepting those funds that a state agree to waive its sovereign immunity from suit in federal court." Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 113 (2d Cir. 2001). "[W]aiver based on participation in a federal program will be found only if stated in 'express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" Skalafuris v. City of N.Y., 444 F. App'x 466, 468 (2d Cir. 2011) (summary order) (quoting McGinty v. N.Y., 251 F.3d 84, 95 (2d Cir. 2001) (alteration in original)). "[M]ere participation by a state in a federal program providing financial assistance does not establish the state's consent to be sued in federal court." McGinty v. N.Y., 251 F.3d at 95 (internal citation omitted).

Here, plaintiff fails to allege "under what statutes defendants receive federal funding, or what Congress provided for in those statutes with respect to sovereign immunity." McGinty v. N.Y., 251 F.3d at 95.

Plaintiff also argues sovereign immunity does not exempt a state from a challenge based on violation of the federal or state constitutions.

It is true that under the doctrine of Ex parte Young, 209 U.S. 123, 160 (1908), "[i]f an act by a state violates the federal Constitution or federal law, . . . then the enforcing state actor loses official immunity." Kostok v. Thomas, 105 F.3d 65, 68 (2d Cir. 1997). Thus, "[i]f a complaint

'alleges an ongoing violation of federal law and seeks relief properly characterized as prospective,' then such injunctive or declaratory relief is not barred by immunity." Li v. Lorenzo, 712 F. App'x 21, 23 (2d Cir. 2017) (summary order) (quoting Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002)). "[S]tate officers [must] be named in order for the Ex Parte Young exception to apply." Melrose v. N.Y. State Dep't of Health Office of Prof'l Med. Conduct, 2009 WL 211029, at *5 (S.D.N.Y. Jan. 26, 2009) (internal citations omitted).

Here, however, plaintiff does not seek prospective relief or bring suit against state officials as required under the Ex parte Young doctrine.

Accordingly, the Eleventh Amendment bars plaintiff's claims under Section 1981 and the NYSHRL.

## CONCLUSION

Defendants' partial motion to dismiss is GRANTED. Thus, the only surviving claim is plaintiff's Title VII claim against defendant DOCCS.

By August 17, 2018, DOCCS shall file its answer to the amended complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion (Doc. #14) and terminate defendant Taconic Correctional Facility from the docket.

Dated: August 3, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge